IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ATCOM SUPPORT LP, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| M/V HC NADJA MARIA, HER EQUIPMENT, ATTACHMENTS, and APPURTENANCES, *in rem* | ) C.A. No. ) ) |
| and | ) **IN ADMIRALTY** ) |
| HC NADJA-MARIA SCHIFFFAHRTS UG (HAFTUNGSBESCHRÄNKT) & CO. KG, *quasi in rem*, | ) ) ) ) |
| Defendants, | ) ) |
| and | ) ) |
| THE MASTER OF THE M/V HC NADJA MARIA, | ) ) |
| Garnishee. | ) |

**VERIFIED COMPLAINT PURSUANT
TO SUPPLEMENTAL ADMIRALTY
AND MARITIME RULES B AND C**

Plaintiff Atcom Support LP ("Atcom") sues Defendants M/V HC NADJA MARIA, her equipment, attachments, appurtenances, *in rem*, pursuant to and HC NADJA-MARIA Schifffahrts UG (haftungsbeschränkt) & Co KG, *quasi in rem* Supplemental Admiralty and Maritime Rules B and C, as more fully set out herein.

**Jurisdiction and Venue**

1. This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333, 28 U.S.C. § 1330, Supplemental Rule B, and Fed. R. Civ. P. 9(h).

2. Venue is proper in this Court because the M/V HC NADJA MARIA, her

equipment, attachments, and appurtenances (the "Vessel"), owned by Defendant Schifffahrts UG (haftungsbeschränkt) & Co. KG ("Schifffahrts" or "Owners"), is or soon will be located in this District, pursuant to Supplemental Rule C. Defendant Schifffahrts cannot be found in this District within the meaning of Supplemental Rule B. Pursuant to Fed. R. Civ. P. 9 (c), plaintiff states that all conditions precedent to plaintiff's claims herein have occurred or been performed.

## The Parties

3. Atcom was and is a company organized and existing under the laws of the United Kingdom.

4. The M/V HC NADJA MARIA, IMO 9214173, is owned by Schifffahrts.

5. Schifffahrts is a company organized and existing under the laws of Germany.

## The Claims

6. On or about December 21, 2014, Atcom on the order of the Vessel's agent, managers, master, owners or charterers, at St. Petersburg, Russia, provided USD 147,660 worth of marine fuel ("bunkers") to the Vessel. The Vessel's Master or Chief Engineer, on behalf of the Vessel and Owners, acknowledged receipt and acceptance of the bunkers (Exhibit A hereto).

7. Atcom provided the bunkers pursuant to its sales terms and conditions (Exhibit B hereto), which provide in pertinent part as follows:

> 10. Risk/title
>
> Risk in the Marine Fuels shall pass to the Buyers once the Marine Fuels have passed the Supplier's flange connecting the Vessel' s bunker manifold with the delivery facilities provided by the Supplier , Title to the Marina Fuels shall pass to the Buyers upon payment for the value Of the Marine Fuels delivered, pursuant to the terms Of Clause 8 hereof.
>
> 11. Lien
>
> The Supplier shall have a right of lien over the Marine Fuels delivered, if the laws applicable to this Contract grant or recognize such a lien, until

payment has been made pursuant to the terms of Clause 8 hereof. In the event that the Marine Fuels have been commingled with other bunkers on board the Vessel, the Suppliers lien shall extend to such part of the commingled bunkers as corresponds to the quantity of the Marine Fuels delivered. Where Product is supplied to a vessel, in addition to any other security, the Agreement is entered into and Product is supplied upon the faith and credit of the Vessel. It is agreed and acknowledged that a lien over the Vessel is thereby created for the Price of Product supplied and that the Supplier in agreeing to deliver Product to the Vessel does so relying upon the faith and credit of the Vessel. The Buyers if not the owner of the Vessel hereby expressly warrants that he has the authority of the owner W pledge the Vessel's credit as aforesaid and that he has given notice of the provisions of this Clause to the owner. The Supplier shall not be bound by any attempt by any person to restrict, limit or prohibit its lien or liens attaching to a Vessel unless notice- in writing of the same is given to the Supplier before it sends its Confirmation to the Buyers.

In addition to the Buyers being responible for payment of the purchase price and any costs pursuant to point 9, the Supplier reserves the right to look to the owner of the vessel to the extent the shipowner is responsible pursuant to the legislation of his homeland, and the Supplier furthermore reserves the right to safeguard himself by a maritime lien or the like in the vessel to the extent that this is authorized in a jurisdiction where the Vessel can be found. It is noted that the rule concerning venue and choice of law mentioned under point 15 shall be considered unwritten in relation to the rights conferred on the Supplier according to the present point.

8. Following provision to the Vessel of the bunkers, Atcom issued an invoice (Exhibit C hereto) to O.W. Bunker, acting as the Vessel's and Owners' apparent agent for the purpose of receipt of the bunkers. Atcom was not paid for the bunkers, and so therefore further made direct demand to the Owners or their agents. Atcom, however, has not been paid for the bunkers, despite repeated demand.

### Count I – Maritime Lien In Rem against the Vessel

9. Atcom repeats the foregoing paragraphs.

10. The Vessel has breached its contract with Atcom. It further has converted the bunkers, and has been unjustly enriched by taking possession of the bunkers, using them for its propulsion and earning of freights, but failing to pay for the bunkers.

11. Atcom possesses a maritime lien *in rem* for the amounts due it for provision of the bunkers to the Vessel, in the amounts demanded below.

### Count II – Against the Owners, Quasi In Rem

12. Atcom repeats the foregoing paragraphs.

13. Owners have converted the bunkers, and have been unjustly enriched by taking possession of the bunkers, using them for the Vessel's propulsion and earning of freights, but failing to pay for the bunkers.

14. Atcom therefore claims against the Owners in conversion and for unjust enrichment, in the amounts demanded below.

### Count III: Maritime Attachment and Garnishment (Rule B)

15. Atcom incorporates the above paragraphs as if specifically set forth herein.

16. On information and belief, Owners have, or soon will have, property within this District held by Garnishee, namely, the Vessel.

17. Owners cannot be found within this District pursuant to Supplemental Rule B, and this Court therefore should issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Supplemental Rule B attaching all of Owners' tangible or intangible property or any other funds held any of the Garnishee on behalf of Owners up to the amount of at least the amount demanded herein to secure Atcom's claim, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint, as more fully set out below.

## Prayer for Relief

WHEREFORE, Atcom prays:

A. That in response to Counts I and II, judgment be entered against the Vessel in rem and Owners, jointly and severally, in the amount of at least USD147,660.00, plus interest and costs;

B. That in response to Count III, since Owners cannot be found within this District pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Owners' tangible or intangible property or any other funds held by any of the Garnishees, including the Vessel, up to the amount of at least the amount demanded herein to secure Atcom's claim, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint; and

C. That this Court award Atcom such other and further relief that this Court deems just and proper.

YOUNG CONAWAY STARGATT & TAYLOR LLP

_____
Timothy Jay Houseal (Del. Bar ID No. 2880)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6682
thouseal@ycst.com

**OF COUNSEL**
J. Stephen Simms
John T. Ward
Marios J. Monopolis
Simms Showers LLP
20 South Charles Street, Suite 702
Baltimore, Maryland 21201
(410) 783-5795
jssimms@simmsshowers.com
jtward@simmsshowers.com
mjmonopolis@simmsshowers.com

Dated: January 9, 2015

01:16483176.1