IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ATCOM SUPPORT LP,

        Plaintiff;

v.

M/V HC NADJA MARIA, HER EQUIPMENT, ATTACHMENTS, AND APPURTENANCES, *in rem*

and

HC NADJA-MARIA SCHIFFAHRTS UG (HAFTUNGSBESCHRANKT) & CO. KG, *quasi in rem*

        Defendants;

and

THE MASTER OF THE M/V HC NADJA MARIA,

        Garnishee;

and

ONEGO SHIPPING & CHARTERING B.V.

        Plaintiff-in-Intervention;

v.

ATCOM SUPPORT LP,
BERGEN BUNKERS AS, and
ING BANK N.V.

        Interpleaded Defendants.

Civil Action No. 15-28-RGA

1

MEMORANDUM ORDER

Presently before the Court is defendant ING Bank N.V.'s ("ING") Motion to Dismiss the Amended Verified Complaint-in-Intervention (D.I. 41). ING requests dismissal under Fed. R. Civ. P. 12(b)(1), 12(b)(2), and 12(b)(3). This issue has been fully briefed. (D.I. 42, 43, 48). For the reasons set forth herein, ING's motion to dismiss is **GRANTED**.

On January 9, 2015, Plaintiff Atcom Support LP ("Atcom") brought an *in rem* arrest action in admiralty against the vessel M/V HC Nadja Maria, Her Equipment, Attachments, and Appurtenances ("Nadja Maria"), and a *quasi in rem* action under Supplemental Admiralty and Maritime Rules B and C against her owner, HC Nadja-Maria Schiffahrts UG (Haftungsbeschränkt) & Co. KG. (D.I. 1). Atcom alleged it was owed $172,192, which represented the value of certain bunkers provided to the Nadja Maria. (*Id.*). The charterer of the Nadja Maria, Onego Shipping & Charting B.V. ("Onego"), entered into a stipulation with Atcom providing for the posting of a $177,192 bond upon a surety and the release of the Nadja Maria from arrest and attachment. (D.I. 14, 15).

On February 5, 2015, Onego moved for leave to intervene pursuant to Fed. R. Civ. P. 24. (D.I. 17). This Court granted Onego's motion on March 16, 2015. (D.I. 27). On March 25, 2015, Onego filed an interpleader complaint against defendants Atcom, Bergen Bunkers AS, and ING. (D.I. 28). At Onego's request, this Court granted Onego leave to amend its complaint. On May 18, 2015, Onego filed its Amended Verified Complaint-in-Intervention, requesting a determination of which of the defendants is entitled to the funds owed for the bunkers, an injunction preventing the defendants from pursuing further action against Onego, and a discharge of liability as to the disputed funds. (D.I. 30 at 7).

2

Fed. R. Civ. P. 12(b)(1) provides that a court may dismiss an action for lack of subject matter jurisdiction. In response to such a motion, the plaintiff bears the burden of "convinc[ing] the court it has jurisdiction." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). This defense cannot be waived and may be raised at any time by the parties or the court. Fed. R. Civ. P. 12(h)(3).

Interpleader actions may take two forms: statutory interpleader (governed by 28 U.S.C. §§ 1335, 1379, 2361) or rule interpleader (governed by Fed. R. Civ. P. 22). *See State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 528 n.3 (1967); 4 James Wm. Moore et al., *Moore's Federal Practice* § 22.04 (3d ed. 2015). While rule interpleader is a purely procedural device and thus relies on generally applicable principles of subject matter jurisdiction, personal jurisdiction, service of process, and venue, statutory interpleader is governed by its own specific jurisdictional rules. *See Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 275 (3d Cir. 2007) ("Unlike its statutory counterpart, rule interpleader is no more than a procedural device; the plaintiff must plead and prove an independent basis for subject matter jurisdiction."); *Phoenix Ins. Co. v. Small*, 307 F.R.D. 426, 432 (E.D. Pa. 2015).

For purposes of subject matter jurisdiction, statutory interpleader requires only "minimal diversity" between claimants, that is, at least two of the claimants must be diverse within the meaning of 28 U.S.C. § 1332(a), but the citizenship of the stakeholder is irrelevant.[1] 28 U.S.C. § 1335(a)(1); *CNA Ins. Cos. v. Waters*, 926 F.2d 247, 249 n.5 (3d Cir. 1991). For present purposes, diversity may be met when a citizen of one state is adverse to a "citizen[] or subject[] of a foreign state." 28 U.S.C. § 1332(a)(2); *Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). A corporation is deemed a citizen

---

[1] Statutory interpleader also requires the deposit of money or property into the registry of the court. 28 U.S.C. § 1335(a)(2). That requirement is not relevant here.

3

of "every State and foreign state by which it has been incorporated" and of the "State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c).

Onego's interpleader action can only be characterized as statutory interpleader. In its Complaint-in-Intervention, Onego states that its action is brought "pursuant to 28 U.S.C. §§ 1335(a) and 2361." Onego further alleges that jurisdiction exists pursuant to 28 U.S.C § 1335(a), that personal jurisdiction is satisfied pursuant to 28 U.S.C. § 2361, and that venue is proper pursuant to 28 U.S.C. § 1397. (D.I. 30 at 2-3). The statutory provisions cited by Onego are applicable exclusively to statutory interpleader actions. *See Phoenix Ins. Co. v. Small*, 307 F.R.D. 426, 432 (E.D. Pa. 2015). Because Onego relies on statutory interpleader and the procedural advantages that come with it, Onego must satisfy the basis for subject matter jurisdiction laid out in § 1335. *Id.*; 4 James Wm. Moore et al., *Moore's Federal Practice* § 22.04 (3d ed. 2015).

In order to establish the "minimal diversity" required by § 1335, at least two claimants must be diverse from each other. There are three claimants named in Onego's verified complaint. Onego concedes that all three of these claimants are citizens of foreign states. (D.I. 30 at 2). Atcom is both organized and has its principal place of business in the United Kingdom. (*Id.*). Bergen Bunkers AS is both organized and has its principal place of business in Norway. (*Id.*). ING is both organized and has its principal place of business in the Netherlands. (*Id.*) All three adverse stakeholders are thus foreign citizens within the meaning of § 1332. Since all claimants are foreign, minimal diversity is not satisfied. 28 U.S.C. § 1332(a); *Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) ("We have diversity jurisdiction over cases between citizens of the United States and citizens of foreign states, but we do not have diversity jurisdiction over cases between aliens."). Without

satisfying the diversity requirements of § 1335, a statutory interpleader action cannot be sustained. *See Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 275 (3d Cir. 2007).

In its briefing, Onego attempts to rely on Fed. R. Civ. P. 22 in conjunction with 28 U.S.C. § 1333 (admiralty jurisdiction). (D.I. 43 at 3-5). Since Onego has not pursued this action under rule interpleader, I need not address these arguments. In order to pursue this action under Fed. R. Civ. P. 22, "the plaintiff must plead and prove an independent basis for subject matter jurisdiction." *Metro. Life*, 501 F.3d at 275. Onego has not done so here.[2]

Because I am dismissing the entirety of Onego's complaint for lack of subject matter jurisdiction, I need not address the portions of ING's motion pertaining to personal jurisdiction and venue.

For the reasons stated above, ING's motion to dismiss (D.I. 41) is **GRANTED**.

It is SO ORDERED this **21** day of October, 2015.

Richard G. Andrews
United States District Judge

---

[2] Onego does briefly mention admiralty jurisdiction under Fed. R. Civ. P. 9(h) and 28 U.S.C. § 1333 in its complaint. This is solely in reference to the basis for jurisdiction pleaded by Atcom in the original admiralty arrest action. Onego makes no showing as to how that jurisdictional basis would apply if the instant action were undertaken pursuant to rule interpleader. The Court therefore expresses no opinion on that theory.

5