IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ATCOM SUPPORT LP, <br><br> Plaintiff; <br><br> v. <br><br> M/V HC NADJA MARIA, HER EQUIPMENT, ATTACHMENTS, AND APPURTENANCES, *in rem* <br><br> and <br><br> HC NADJA-MARIA SCHIFFAHRTS UG (HAFTUNGSBESCHRANKT) & CO. KG, *quasi in rem* <br><br> Defendants; <br><br> and <br><br> THE MASTER OF THE M/V HC NADJA MARIA, <br><br> Garnishee; <br><br> and <br><br> ONEGO SHIPPING & CHARTERING B.V. <br><br> Plaintiff-in-Intervention; <br><br> v. <br><br> ATCOM SUPPORT LP, <br> BERGEN BUNKERS AS, and <br> ING BANK N.V. <br><br> Interpleaded Defendants. | Civil Action No. 15-28-RGA |

1

MEMORANDUM ORDER

Presently before the Court is plaintiff Onego Shipping & Chartering B.V.'s ("Onego") Motion for Order Granting Leave to Intervene or, Alternatively, for Leave to Amend Complaint-in-Intervention. (D.I. 54). Interpleaded defendant ING Bank N.V. ("ING") opposes. The issues have been fully briefed. (D.I. 55, 57, 58). For the reasons set forth herein, Onego's motion for leave to amend is **GRANTED**.

The Court previously dismissed Onego's complaint-in-intervention for lack of subject matter jurisdiction. (D.I. 52). Onego invoked statutory interpleader and failed to satisfy the minimal diversity requirements of 28 U.S.C. § 1335. (*Id.* at pp. 4-5). In its complaint, Onego relied exclusively on statutory sections pertaining to statutory interpleader and provided no indication—through formal reference or factual allegations—that it intended to pursue an action under rule interpleader. (*Id.* at p. 4). Onego now seeks to bring its interpleader action under both statutory interpleader and rule interpleader. (D.I. 55 at 3-5, 17-18). ING argues amendment would be futile, as the amended complaint fails for lack of subject matter jurisdiction and for lack of personal jurisdiction. (D.I. 57 at pp. 1-3).

Fed. R. Civ. P. 15(a)(2) provides that a court should "freely give leave [to amend] when justice so requires." The "grant or denial of an opportunity to amend is within the discretion of the District Court." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Leave to amend should generally be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S at

182. If the complaint, as amended, would not survive a motion to dismiss, leave to amend may be denied. *See Shane v. Fauver*, 213 F.3d at 115.

Minimal diversity is a prerequisite to a statutory interpleader action. *See NYLife Distribs., Inc. v. Adherence Grp., Inc.*, 72 F.3d 371, 374-75 (3d Cir. 1995); *Glenclova Inv. Co. v. Trans-Resources, Inc.*, 874 F. Supp. 2d 292, 301 (S.D.N.Y. 2012) ("The diversity and amount in controversy requirements are prerequisites to the district court's exercise of jurisdiction in a statutory interpleader case."). For the reasons stated in the previous order, Onego's complaint as amended, again fails to satisfy the requirements of minimal diversity in 28 U.S.C. § 1335. (D.I. 52 at pp. 4-5). Therefore, its statutory interpleader action cannot be maintained.

Rule interpleader requires an independent basis for subject matter jurisdiction, as it is merely a procedural device. *Metro. Life Ins. v. Price*, 501 F.3d 271, 275 (3d Cir. 2007). Here, Onego relies on the admiralty jurisdiction conferred by 28 U.S.C. § 1333. (D.I. 55 at 17-18). ING does not appear to dispute that the bunker supply contracts at issue in this case are maritime in nature, a fact which would suffice to confer admiralty jurisdiction. *See Norfolk S. Ry. v. Kirby*, 543 U.S. 14, 24 (2004); *Exxon Corp. v. Cent. Gulf Lines, Inc.*, 500 U.S. 603, 612 (1991). I find that the contracts at issue are maritime in nature. Therefore, subject matter jurisdiction is satisfied as to rule interpleader.

While the complaint as amended may survive a Fed. R. Civ. P. 12(b)(1) subject matter jurisdiction challenge, ING has indicated that the Court may be unable to exercise personal jurisdiction over any of the interpleaded defendants. (D.I. 57 at pp. 2-3). While these arguments are concerning, I am not convinced that this is a reason to find that amendment would be futile. Onego is advised, however, that allegations of personal jurisdiction and venue that pertain to statutory interpleader will be disregarded. Since a statutory interpleader action cannot be

maintained, Onego cannot avail itself of the procedural advantages which accompany statutory interpleader. 28 U.S.C. §§ 1397, 2361; *see also NYLife Distribs., Inc. v. Adherence Grp., Inc.*, 72 F.3d 371, 374-75 (3d Cir. 1995); *RCA Records, A Div. of RCA Corp. v. Hanks*, 548 F. Supp. 979, 982 (S.D.N.Y. 1982) ("A plaintiff may not reap the advantages of both forms of interpleader while escaping the burdens of each."). Given the potential for personal jurisdiction and venue deficiencies in the amended complaint, leave to amend will be granted without prejudice to ING's ability to bring another motion to dismiss for lack of personal jurisdiction and improper venue. (*See* D.I. 57 at p. 4 n.1).

For the reasons stated above, Onego's motion for leave to amend (D.I. 54) is **GRANTED**.

It is SO ORDERED this 25 day of November, 2015.

                                                                                         *[signature]*
                                                                                         United States District Judge

4