# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ATCOM SUPPORT LP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.  15-28-RGA-MPT |
| | ) | |
| M/V HC NADJA MARIA, HER EQUIPMENT, ATTACHMENTS, and APPURTENANCES, *in rem* | ) | |
| | ) | |
| and | ) | |
| | ) | |
| HC NADJA-MARIA SCHIFFAHRTS UG (HAFTUNGSBESCHRÄNKT) & CO. KG, *quasi in rem*, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THE MASTER OF THE M/V HC NADJA MARIA, | ) | |
| | ) | |
| Garnishee. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ONEGO SHIPPING & CHARTERING BV | ) | |
| | ) | |
| Plaintiff-in-Intervention | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ATCOM SUPPORT, LP, BERGEN BUNKERS AS, and ING BANK N.V. | ) | |
| | ) | |
| Interpled-Defendants | ) | |

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On January 9, 2015, Atcom Support LP ("Atcom") filed this action against M/V

HC NADJA MARIA ("the Vessel") *in rem* and against the Vessel's owners, HC NADJA-

MARIA Schiffahrts UG (Haftungsbeschränkt) & Co. KG ("Schiffahrts"), *quasi in rem*

under Supplemental Admiralty and Maritime Rules B and C.  On February 5, 2015,

Onego Shipping & Chartering BV ("Onego") filed a motion for leave to intervene, which

was granted on March 16, 2015.  On March 25, 2015, Onego filed its original complaint-

in-intervention and an amended verified original complaint-in-intervention ("the first

amended complaint") on May 18, 2015.  On September 4, 2015, ING Bank N.V. ("ING")

moved to dismiss Onego's first amended complaint for lack of subject matter

jurisdiction, lack of personal jurisdiction, and improper venue.  The court granted ING's

motion on October 21, 2015, after finding a lack of subject matter jurisdiction.  The court

also granted Onego leave to amend its first amended complaint in a Memorandum

Order dated November 25, 2015, noting Onego could not rely on relaxed jurisdiction,

venue, and service rules applicable to statutory interpleader actions.

On December 14, 2015, Onego filed its second amended complaint.  Onego

seeks a determination as to which of the defendants are entitled to the funds owed for

the marine fuel ("bunkers") or if the funds should be shared.  Additionally, Onego seeks

to enjoin the interpled defendants from commencing further action against it, discharge

it from liability, and discharge the Vessel from liability in addition to costs and attorneys'

fees.

Pending before the court is ING's motion to dismiss for lack of personal

2

jurisdiction under FED. R. CIV. P. 12(b)(2) and improper venue under FED. R. CIV. P. 12(b)(3) of Onego's second amended complaint.  This Report and Recommendation addresses whether personal jurisdiction applies, 28 U.S.C. § 1655's impact on personal jurisdiction, and whether venue is proper.  For the reasons stated below, it is recommended that ING's motion to dismiss for lack of personal jurisdiction and improper venue be denied.

## II.     BACKGROUND

### A.     Parties

Atcom is a company organized and existing under the laws of the United Kingdom with its principal place of business in Edinburgh.[1]  Onego is a company organized and existing under the laws of the Netherlands with a principal place of business also in the Netherlands.[2]  Bergen Burkers AS ("Bergen") is a company organized and existing under the laws of Norway with its principal place of business in Bergen, Norway.[3]  ING is a company organized and existing under the laws of the Netherlands with its principal place of business in Amsterdam.[4]  The Vessel is owned by Schiffahrts, which is a company organized and existing under the laws of Germany.[5]

---

[1] D.I. 67 at 2.
[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] D.I. 70 at 2.

B.      Bunkers

Onego ordered bunkers valued at approximately $147,660 (USD) for the Vessel on or about October 22, 2014 from Bergen.[6]  The bunkers were delivered to the Vessel in St. Petersburg, Russia.[7]  Atcom supplied the bunkers as a subcontractor of Danish fuel supplier, O.W. Bunker & Trading A/S ("O.W. Bunker"), which Onego had actually contracted with.[8]  O.W. Bunker has since filed for bankruptcy and, as a result, Onego cannot ascertain how much is owed and who should receive the funds among Atcom, Bergen, and ING.[9]  Bergen has assigned certain rights with respect to its supply contracts as security to ING pursuant to an Omnibus Security Agreement dated December 19, 2013.[10]  Onego still owes $147,660 ("the *res*") for the bunkers, but has placed these funds into the Court's Registry.[11]

Atcom arrested the Vessel at the Port of Wilmington, Delaware on January 15, 2015 pursuant to Supplemental Admiralty Rules B and C, and has consequently claimed a maritime lien.[12]  Onego asserts this lien would "cause harm to the Plaintiff-Intervenor, delay the Vessel, affect innocent third parties with interests in the Vessel's cargo, and generally inhibit maritime commerce."[13]  On January 16, 2015, Atcom and Onego filed a Stipulation and Order for Security and Release of the M/V HC NADJA

---

[6] D.I. 67 at 5.
[7] *Id.* at Ex. B.
[8] D.I. 71 at 1; D.I. 70 at 1.
[9] D.I. 67 at 6; D.I. 71 at 1.
[10] D.I. 67 at 5.
[11] *Id.* at 5-6.
[12] *Id.* at 6.
[13] *Id.*

MARIA from Arrest and Attachment.[14]   Onego provided security of $177,192 to stand in

place of the Vessel.[15]   This security is currently being held in escrow at Mahoney &

Keane, LLP.[16]

## III.   STANDARD OF REVIEW

### A.   Personal Jurisdiction

When determining personal jurisdiction, a court must conduct a two-step

analysis.[17]   The court initially determines "whether the long arm statute of the state in

which the court sits authorizes jurisdiction."[18]   The court then addresses "whether

exercising jurisdiction comports with the requirements of the Due Process Clause of the

Fourteenth Amendment."[19]

The Delaware Long Arm Statute provides:

(c) As to the cause of action brought by any person arising from any of the
acts enumerated in this section, a court may exercise personal jurisdiction
over any nonresident, or a personal representative, who in person or
through an agent:

(1) Transacts any business or performs any character of work or
service in the State;

(2) Contracts to supply services or things in this State;

(3) Causes tortious injury in the State by an act or omission in this
State;

(4) Causes tortious injury in the State or outside of the State by an

---

[14] D.I. 70 at 2.
[15] *Id.*
[16] *Id.*
[17] *Kolocotronis v. Dupont Meds*, C.A. No. 02-1426 SLR, 2002 WL 31643025, at
*3 (D. Del. Nov. 20, 2002).
[18] *Id.*
[19] *Id.*

act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State;

> (5) Has an interest in, uses or possesses real property in the State; or

> (6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.[20]

Sections 3104(c)(1)-(3), (5), and (6) provide for specific jurisdiction, while section 3104(c)(4) provides for general jurisdiction.[21]

In the second prong of the analysis directed to Due Process concerns, in order to subject a defendant to personal jurisdiction, the court must find the existence of "minimum contacts" between the defendant and the forum state, "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"[22]  A defendant's conduct and connection with the forum state must be such that it should reasonably anticipate or foresee being "haled before a court" in the forum.[23]

A plaintiff can establish the existence of sufficient minimum contacts to support personal jurisdiction over the defendant by producing "sworn affidavits or other

---

[20] 10 Del. C. § 3104.

[21] *Tani v. FPL/Next Era Energy*, C.A. No. 10-860 LPS, 2011 WL 4346685, at *5 (D. Del. Sept. 15, 2011) (citing *Padcom, Inc. v. NetMotion Wireless, Inc.*, C.A. No. 03-983 SLR, 2004 WL 1192641, at *4 (D. Del. May 24, 2004)).

[22] *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

[23] *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *Asahi Metal Indus. Co., Ltd. v. Superior Court*, 480 U.S. 102, 108-109 (1987).

competent evidence."[24]  Prior to trial, however:

> when a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing.  The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits.  If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary representation by the moving party.[25]

"[W]hen a defendant has both purposefully directed its activities at residents of the forum state and the action arises from, or is directly related to, the defendant's actions within the forum state," there is specific jurisdiction.[26]  When "contacts with the forum state are 'continuous and substantial,'" there is general jurisdiction.[27]  For contact to be continuous and substantial, "the defendant must be engaged in longstanding business in the forum state such as marketing or shipping products, or performing services or maintaining one or more offices there."[28]  Further, while a general presence in Delaware is necessary to assert general jurisdiction, "the contacts of the non-resident (or its agent) need not relate to the instant litigation."[29]

---

[24] *Global Recycling Solutions, LLC v. Greenstar N.J., LLC*, C.A. No. 09-976 LPS, 2011 WL 4501165, at *2 (D. Del. Sept 28, 2011) (citing *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n. 9 (3d Cir. 1984)).

[25] *In re EAL (Del.) Corp.*, C.A. No. 93-578 SLR, 1994 WL 828320, at *17 (D. Del. Aug. 3, 1994) (quoting *Seetransport Wiking Trader Schiffarhtsgesellschaft MBH & Co. Kommanditgesellschaft v. Navimpex Centrala Navala*, 989 F.2d 572, 580 (2d Cir. 1993)).

[26] *Tani*, 2011 WL 4346685, at *5 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

[27] *Id.* (citing *Merck & Co., Inc. v. Barr Labs., Inc.*, 179 F. Supp. 2d 368, 374 (D. Del. 2002)).

[28] *Id.* (citing *Kloth v. S. Christian Univ.*, 494 F. Supp. 2d 273, 280 (D. Del. 2002)).

[29] *Eastman Chem. Co. v. AlphaPet Inc.*, C.A. No. 09-971 LPS-CJB, 2011 WL 6004079, at *12 (D. Del. Nov. 4, 2011) (citing *Reach & Assocs., P.C. v. Dencer*, 269 F. Supp. 2d 497, 505 (D. Del. 2003)).

**B.   Venue**

If a defense of improper venue is raised, the court applies 28 U.S.C. § 1391.[30]

Under this statute:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship, may except as otherwise provided by law, be brought only in
>
> (1) a judicial district where any defendant resides, if all defendants reside in the same state
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
>
> (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Substantiality exists for venue purposes under 28 U.S.C. § 1391(b)(2) when "material acts or omissions within the forum bear a close nexus to the claims."[31]

**IV.   ANALYSIS**

**A.   Personal Jurisdiction**

Personal jurisdiction is found when the forum state's long arm statute authorizes jurisdiction and the exercise of jurisdiction would comport with Due Process.[32]   Personal jurisdiction may exist under either specific jurisdiction or general jurisdiction.[33]   Specific jurisdiction arises out of a defendant's forum-related conduct, in that a defendant "should reasonably anticipate being haled into court" in that forum.[34]   Specific

---

[30] *RAIT P'ship, L.P. v. Fieldstone Lester Shear & Denberg, LLP*, C.A. No. 09-28 GMS-MPT, 2009 WL 3297310, at *5 (D. Del. Oct. 14, 2009).

[31] *Traynor v. Liu*, 495 F. Supp. 2d 444, 451 (D. Del. 2007).

[32] *Kolocotronis v. Dupont Meds.*, C.A. No. 02-1426 SLR, 2002 WL 31643025, at *3 (D. Del. Nov. 20, 2002).

[33] *See Tani*, 2011 WL 4346685, at *5.

[34] *World-Wide Volkswagen*, 444 U.S. at 297.

8

jurisdiction applies when a defendant has both purposefully directed its activities at residents of the forum state and the action arises from, or is directly related to, defendant's action within the forum state.[35]  "General jurisdiction may be exercised over a defendant whose contacts with the forum state are 'continuous and substantial,'" regardless of whether those activities are related to the particular cause of action.[36]

Onego claims Delaware's Long Arm Statute - specifically 10 Del. C. § 3104(c)(1) and § 3104(c)(6) - justifies the exercise of personal jurisdiction.[37]  Under Section 3104(c)(1), "[a]s to the cause of action brought by any of the acts enumerated under this section, a court may exercise personal jurisdiction over any nonresident, or a personal representative, who in person or through an agent [t]ransacts any business or performs any character of work or service in the State."[38]  This section provides for specific jurisdiction.[39]  Though Onego asserts ING has business in the State of Delaware through its subsidiary, ING Financial Holdings Corporation, this work is not related or relevant to this matter, which deals with the allocation or distribution of the *res* among the interpled defendants.[40]  Therefore, 10 Del. C. § 3104(c)(1) does not authorize jurisdiction over ING.

Onego further argues 10 Del. C. § 3104(c)(6) justifies the court's exercise of personal jurisdiction.  ING refutes this claim by asserting Onego never placed a bunker

---

[35] *See Burger King Corp.*, 471 U.S. at 472.
[36] *Id.* at 280.
[37] D.I. 71 at 9-10.
[38] 10 Del. C. § 3104(c)(1).
[39] *Tani*, 2011 WL 4346685, at *5 (citing *Padcom, Inc. v. NetMotion Wireless, Inc.*, C.A. No. 03-983 SLR, 2004 WL 1192641, at *4 (D. Del. May 24, 2004)).
[40] D.I. 71 at Ex. 1-3.

supply contract or related agreements at issue before the court, and ING served merely

as a coordinator, agent, and security agent under an Omnibus Security Agreement

executed December 19, 2013.[41]  Onego has not provided sufficient facts supporting its

allegation that ING was a surety or guarantor, excluding a conclusory statement that

ING conceded acting as a surety or guarantor without any citations to ING statements

or briefs.[42]  Therefore, Onego's claims concerning ING's status as surety are

inadequate, and 10 Del. C. § 3104(c)(6) does not authorize jurisdiction.  Personal

jurisdiction cannot be met under the first prong of the personal jurisdiction analysis:

Delaware's Long Arm Statute.

    Not only is the first prong of the personal jurisdiction analysis not met, but also

jurisdiction cannot be justified under a Due Process analysis.  Specific jurisdiction

cannot be met, as Onego's claim does not arise from ING and its local affiliates'

business in Delaware.  Again, the issue in this case is the assignment or apportionment

of the *res*.[43]  The *res* arose from a transaction done in St. Petersburg, Russia - not from

any contacts with the State of Delaware.[44]  Although Onego asserts ING has

connections to Delaware through its affiliates, neither this business structure, nor the

business conducted in Delaware, are relevant to the issue of allocating or distributing

the *res*.[45]  Therefore, the cause of action does not arise from the contacts with this

forum state and specific jurisdiction cannot be found in this case.

---

[41] D.I. 70 at 7-8; D.I. 72 at 4.  *See* D.I. 73 at Ex. 1.
[42] D.I. 71 at 9.
[43] D.I. 67 at 6-7.
[44] *Id.* at 5.
[45] *Id.* at 6-7.

ING argues they did not act as surety, and therefore, personal jurisdiction is not

met.[46]  As previously discussed, Onego did not adequately identify ING's status as

surety or guarantor.[47]  Therefore, this cannot serve as a basis for finding specific

jurisdiction.  Additionally, ING argues personal jurisdiction cannot be found under 28

U.S.C. § 2361, though Onego assets jurisdiction exists under this statute.[48]  Section

2361 provides injunctive relief and issuance of process for interpleader actions.[49]

However, this statute does not provide grounds for personal jurisdiction for interpleader

actions, as the court already advised Onego.[50]  Therefore, 28 U.S.C. § 2361 is

unavailable to Onego as a basis for personal jurisdiction.

Although Onego argues general jurisdiction is present in this case, it does not

address how Delaware's Long Arm Statute - particularly 10 Del. C. § 3104(c)(4) - would

authorize such jurisdiction.  ING correctly relates the holding in *Daimler AG v. Bauman*

that a "subsidiary's jurisdictional contacts can be imputed to its parent *only when* the

former is so dominated by the latter as to be its alter ego."[51]  Onego contends ING's

subsidiary, ING Financial Holdings Corporation, is so dominated by its parent that its

---

[46] D.I. 70 at 7-8; D.I. 72 at 3-5.

[47] *See* D.I. 71 at 9.

[48] D.I. 70 at 8.  *See* D.I. 67 at 3.

[49] 28 U.S.C. § 2361.

[50] *Atcom Support LP v. M/V HC Nadja Maria*, C.A. No. 15-28 RGA, 2015 U.S. Dist. LEXIS 159030, at *3-4 (D. Del. Nov. 25, 2015) ("Onego is advised, however, that allegations of personal jurisdiction and venue that pertain to statutory interpleader will be disregarded.  Since a statutory interpleader action cannot be maintained, Onego cannot avail itself of the procedural advantages which accompany statutory interpleader.").  *See* 28 U.S.C. § 2361.  *See also NYLife Distribs., Inc., v. Adherence Grp., Inc.*, 72 F.3d 371, 374-375 (3d Cir. 1995).

[51] D.I. 72 at 3 (quoting *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014) (emphasis added)).

contacts can be imputed to ING.[52]  ING Financial Holdings Corporation is incorporated

in Delaware and is wholly owned by ING.[53]  Onego cites multiple cases from New

York, but no controlling authority here.[54]  The Third Circuit has held, consistent with

*Daimler*, that a subsidiary's actions are not imputed to the parent company for

jurisdictional purposes, even when the parent completely owns the subsidiary.[55]

Additionally, this court has held the subsidiary's incorporation in Delaware has no

bearing on the general jurisdiction analysis.[56]  Therefore, ING's subsidiary's actions in

and connections to Delaware are insufficient to be considered minimum contacts for

general jurisdiction; ING could not have reasonably anticipated litigation in Delaware.[57]

Thus, neither specific nor general jurisdiction can be found under 10 Del. C. §3401(c).

However, the personal jurisdiction analysis does not end with Section 3401(c) and Due

Process in this case.  Rather, the analysis continues under the application of the

Federal Lien Enforcement Statute and its impact on personal jurisdiction.

---

[52] D.I. 71 at 9, Ex. A.

[53] *Id.* at Ex. 2-3.

[54] *Id.* at Ex. A.

[55] *Kehm Oil Co. v. Texaco, Inc.*, 537 F.3d 290, 301 (2008) (citing *Escude Cruz v. Ortho Parm. Corp.*, 619 F.2d 902, 905 (1st Cir. 1980) ("The mere fact that a subsidiary company does business within a state does not confer jurisdiction over its nonresident parent, even if the parent is sole owner of the subsidiary.") (citation omitted)).

[56] *Eastman Chemical Co. v. AlphaPet Inc.*, C.A. No. 09-971 LPS-CJB, 2011 WL 6004079, at *14 (D. Del. Nov. 4, 2011) (citing *Vichi v. Koninklijke Philips Elecs. N.V.*, C.A. No. 2578-VCP, 2009 WL 4345724, at *8 n. 54 (Del.Ch. Dec. 1, 2009); *IM2 Merch. & Mfg., Inc. v. Tirex Corp.*, No. C.A. 18077, 2000 WL 1664168, at *4 n. 15 (Del.Ch. Nov. 2, 2000)).

[57] *See id.* (citing *Regan v. Loewenstein*, 292 Fed. App'x 200, 205 (3d Cir. 2008)).

12

### B.     Federal Lien Enforcement Statute: 28 U.S.C. § 1655

The federal lien enforcement statute, 28 U.S.C. § 1655, concerns actions that "enforce any lien upon or claim to, or . . . remove any incumbrance or lien or cloud upon the title to, real or personal property within the district, where any defendant cannot be served within the State, or does not voluntarily appear . . . ."[58]  There is a question as to the title to the *res*, and while nothing suggests ING will not voluntarily appear, it cannot be served within the State of Delaware.  ING avers *Wilson v. Can. Life Assur. Co.* is indicative of courts in the Third Circuit finding the application of 28 U.S.C. § 1655 to interpleader actions antithetical to the aim and characterizations of such actions.[59]  This matter, however, factually differs from *Wilson*, where there was a question as to whether the proceeds at issue were actually within the district.[60]  Here, the *res* is in the Court's Registry and very clearly in this district.[61]  This matter more closely resembles cases such as *Bache*,[62] *Krishna*,[63] and *A/S Krediit Pank*,[64] where property was located within the district and parties could not be served within the state.  In these cases, Section 1655 was used "to obtain personal jurisdiction over claimants outside of the district of the court in an interpleader action."[65]  The court in *Bache* reasoned:

---

[58] 28 U.S.C. 1655.
[59] D.I. 70 at 8; D.I. 72 at 5 (citing *Wilson v. Can. Life Assur. Co.*, C.A. No. 08-1258, 2009 WL 532830, at *10 n. 12 (M.D. Pa Mar. 3, 2009)).
[60] *Wilson*, 2009 WL 532830, at *10 n. 12.
[61] D.I. 67 at 5-6.
[62] *Bache Halsey Stuart Shields Inc. v. Garmaise*, 519 F. Supp. 682 (S.D.N.Y. 1981).
[63] *Krishna v. Colgate Palmolive Co.*, C.A. No. 90-4116, 1991 WL 125186 (S.D.N.Y. 1991).
[64] *A/S Krediit Pank v. Chase Manhattan Bank*, 155 F. Supp. 30 (S.D.N.Y. 1957).
[65] *Krishna*, 1991 WL 125186, at *3.

. . . [U]tilization of Section 1655 would be consistent with recent trends that are extending the availability of the interpleader remedy in other ways, such as . . . the Supreme Court's validation of subject matter jurisdiction under the interpleader statute based on minimal diversity.  Moreover, application of Section 1655 would prevent a claimant from evading service to the detriment of the stakeholder, thereby furthering the purpose of interpleader by minimizing the possibility of multiple litigation and the treat of inconsistent results.[66]

In this case, the *res* resides in this district, as it has been deposited in the Court's Registry.[67]  The claims to the *res* are claims to personal property.  Additionally, ING is organized and existing under the laws of the Netherlands with its principal place of business in Amsterdam and cannot be served within the State of Delaware.[68]  As a result, 28 U.S.C. § 1655 applies to this matter, and therefore, personal jurisdiction is met.  ING's motion to dismiss for lack of personal jurisdiction under FED. R. CIV. P. 12(b)(2) should therefore be denied.

## C.   Venue

An interpleader action can be brought into federal court two ways:  as a rule interpleader action under FED. R. CIV. P. 22, or as a statutory interpleader action under 28 U.S.C. § 1335.[69]  Venue for rule interpleader actions is governed by the general venue statute, 28 U.S.C. § 1391.[70]  Venue for statutory interpleader actions is proper in a district "in which one or more of the claimants reside."[71]  This action was brought

---

[66] *Bache*, 519 F. Supp. at 678 (quoting 7 Wright & Miller, Federal Practice & Procedure, § 1711 at 423-424).  *See also United States v. Estate of Swan*, 441 F.2d 1082, 1085 (5th Cir. 1971).
[67] D.I. 67 at 5-6.
[68] D.I. 67 at 2.
[69] *Wilmington Trust Co. v. Gillespie*, 397 F. Supp. 1337, 1342 (D. Del. 1975).
[70] *Id.*
[71] 28 U.S.C. 1397.

14

under Rule 22 as a rule interpleader action and proper venue is consequently

determined by 28 U.S.C. § 1391,[72] which recognizes in relevant part, that venue is

proper "where a substantial part of the events or omissions giving rise to the claim

occurred, or a substantial part of property that is the subject of the action is

situated . . . ."[73]

Although ING argues substantial events that gave rise to the claim at issue

occurred outside of the district, and outside of the United States completely, Onego

suggests a substantial part of property, that is the subject of this action, remains in

Delaware.[74]  While the security standing in place of the Vessel is currently being held in

escrow in New York by Mahoney & Keane, LLP, and it is unclear whether the Vessel

itself remains in Delaware, this action ultimately concerns the allocation or distribution of

the *res* that currently resides in the Court's Registry.[75]  A substantial part of property that

is the subject of the action - the *res* - is situated in Delaware, and therefore, venue is

proper.[76]  Accordingly, ING's motion to dismiss for improper venue under FED. R. CIV. P.

12(b)(3) should be denied.

Onego also asserts pendent venue, notwithstanding a finding of proper venue

---

[72] *See* D.I. 67 at 2; *Atcom Support LP v. M/V HC Nadja Maria*, C.A. No. 15-28 RGA, 2015 U.S. Dist. LEXIS 159030, at *3-4 (D. Del. Nov. 25, 2015).
[73] 28 U.S.C. §1391(b)(2).
[74] D.I. 70 at 9; D.I. 71 at 5.
[75] D.I. 67 at 7; D.I. 70 at 2.  *See* D.I. 15.  *See also* D.I. 70 at 9 (ING takes issue with Onego's deposit in the Court's Registry not appearing on the docket, but such deposits are not customarily reflected on the docket.).
[76] *See National Cooperative Refinery Ass'n v. Rouse*, 60 B.R. 857, 862 (D. Col. 1986) (Counsel did not cite any controlling authority in the Third Circuit and this court did not find such authority independently).

under 28 U.S.C. § 1391(b)(2).[77]  Pendent venue allows a court to hear a claim that would otherwise not have proper venue, provided it is joined in a suit with a claim that is properly venued, and the claims arise out of a common nucleus of operative fact.[78] Onego alleges venue was appropriate for Atcom's arrest of the Vessel and the ensuing efforts to collect the *res*, and therefore the pendent venue doctrine can "be[] invoked to maintain the action."[79]  In light of the court's finding of proper venue, the court need not address the alternative argument of pendent venue.

## V.    ORDER AND RECOMMENDED DISPOSITION

Consistent with the findings herein, it is recommended that defendant's motion to dismiss plaintiff's Second Amended Complaint for lack of personal jurisdiction under FED. R. CIV. P. 12(b)(2) and improper venue under FED. R. CIV. P. 12(b)(3) (D.I. 69) be denied.

Pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), FED. R. CIV. P. 72(b) and D. DEL. LR 72.1, any objections to the Report and Recommendation shall be filed within fourteen (14) days limited to ten (10) pages after being served with the same.  Any response is limited to ten (10) pages.

---

[77] D.I. 71 at 6.
[78] *Zazzali v. Swenson*, 852 F. Supp. 2d 438, 445 (D. Del. 2012).  *See also High River Ltd. P'ship v. Mylan Labs., Inc.*, 353 F. Supp. 2d 487, 493 (M.D. Pa 2005).
[79] D.I. 71 at 6.

The parties are directed to the court's Standing Order in Non-Pro Se matters for Objections Filed under FED. R. CIV. P. 72 dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Date: August 1, 2016                              /s/ Mary Pat Thynge_____
                                                  United States Magistrate Judge