IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ATCOM SUPPORT LP, <br><br> Plaintiff; <br><br> v. <br><br> M/V HC NADJA MARIA, HER EQUIPMENT, ATTACHMENTS, AND APPURTENANCES, *in rem* <br><br> and <br><br> HC NADJA-MARIA SCHIFFFAHRTS UG (HAFTUNGSBESCHRANKT) & CO. KG, *quasi in rem* <br><br> Defendants; <br><br> and <br><br> THE MASTER OF THE M/V HC NADJA MARIA, <br><br> Garnishee; <br><br> and <br><br> ONEGO SHIPPING & CHARTERING B.V. <br><br> Plaintiff-in-Intervention; <br><br> v. <br><br> ATCOM SUPPORT LP, <br> BERGEN BUNKERS AS, and <br> ING BANK N.V. <br><br> Interpleaded Defendants. | Civil Action No. 15-28-RGA |

MEMORANDUM ORDER

1

On August 1, 2016, the Magistrate Judge filed a Report and Recommendation denying interpleaded defendant ING Bank N.V.'s motion to dismiss for lack of personal jurisdiction and improper venue. (D.I. 77 (the "R&R")). Objections to the R&R were due by August 18, 2016. (*See id.*). On August 18, 2016, ING filed objections to the R&R. (D.I. 78). Plaintiff-in-intervention Onego Shipping & Chartering B.V filed no objections to the R&R. On September 1, 2016, Onego responded to ING's objections and also raised objections that would disturb the R&R on other grounds. (D.I. 79).

The R&R concludes that the long-arm statute, 10 Del. C. § 3104(c)(1) and (6), does not provide a basis for personal jurisdiction. (R&R at 9–10). The R&R concludes that the exercise of personal jurisdiction under the long-arm statute would also violate due process. (R&R 10–12).

The R&R concludes that 28 U.S.C. § 1655 provides a basis for personal jurisdiction. (R&R 14). The R&R concludes that personal jurisdiction under § 1655 comports with due process. (R&R 13–14).

ING's only objection to the R&R is that providing personal jurisdiction under § 1655 does not comport with due process in the Rule 22 interpleader context. (D.I. 78 at pp. 1–2). Onego responds to ING's objection, but also raises additional objections to the R&R. Onego objects that, contrary to the R&R, (1) 10 Del. C. § 3104(c)(6) does provide a basis for personal jurisdiction and (2) exercise of personal jurisdiction under the long-arm statute does not violate due process. (*See* D.I. 79). I only consider Onego's response to ING's objection. I do not consider the additional objections, to the extent they are independent from Onego's response, because they are not timely. *See* Fed. R. Civ. P. 72(c) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."); Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment ("[T]he rule requires the district judge

2

to whom the case is assigned to make a *de novo* determination of those portions of the report, findings, or recommendations to which *timely* objection is made." (emphasis added)). *See also Wojtalewicz v. Pioneer Hi-Bred Int'l, Inc.*, 944 F. Supp. 2d 715, 721 (D. Neb. 2013) (declining to consider objections that were not timely). I review the Magistrate Judge's disposition *de novo* in light of ING's objection. 28 U.S.C. § 636(b)(1).

I. Analysis

   a. Legal Standard

"To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff bears the burden of establishing the court's jurisdiction over the moving defendants." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). "However, when the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Id.* "If the plaintiff meets this burden, the defendant must then establish the presence of other considerations that would render jurisdiction unreasonable." *Brown & Brown, Inc. v. Cola*, 745 F. Supp. 2d 588, 602 (E.D. Pa. 2010). Plaintiff bears the ultimate burden of establishing jurisdiction by a preponderance of the evidence. *See Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992).

   b. Due Process Analysis

      i. Framework

ING argues that Onego's compliance with § 1655 is insufficient to confer personal jurisdiction because due process is lacking. (*See* D.I. 78 at p. 4). ING essentially reasons that the Supreme Court's decision in *New York Life Insurance Co. v. Dunlevy*, 241 U.S. 518 (1916) held that all interpleader actions are "*in personam*" and that § 1655, an "*in rem*" or "*quasi-in-*

3

*rem*" statute, cannot confer adequate due process. (*See* D.I. 78 at pp. 4–9). ING's approach is inconsistent with the Supreme Court's modern approach to due process analysis.

In *Shaffer v. Heitner*, the Supreme Court held that "all assertions of state-court jurisdiction must be evaluated according to the standards set forth in *International Shoe* and its progeny." *Shaffer v. Heitner*, 433 U.S. 186, 212 (1977). The standard is whether there are "minimum contacts" between the party and the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945).

The first step of the minimum contacts analysis is to determine what the contacts are. In conducting the minimum contacts analysis, "[t]he presence of property in a State may bear on the existence of jurisdiction by providing contacts among the forum State, the defendant, and the litigation." *Shaffer*, 433 U.S. at 207.

The next step is to determine the relatedness of the minimum contacts with the action at issue. For traditional "*in rem*" cases, the Supreme Court noted in *Shaffer* that this should typically be easy to establish. *See id.* at 208 ("[J]urisdiction over many types of actions which now are or might be brought *in rem* would not be affected by a holding that any assertion of state-court jurisdiction must satisfy the *International Shoe* standard."). For "*quasi-in-rem*" cases, relatedness requires a stronger showing. For these cases, "although the presence of the defendant's property in a State might suggest the existence of other ties among the defendant, the State, and the litigation, the presence of the property alone would not support the State's jurisdiction." *Id.* at 209. The Court classifies "*quasi-in-rem*" cases as "where the property . . . serves as the basis for state-court jurisdiction" and is "completely unrelated to the plaintiff's cause of action." *See id.* at 208–09.

The final step is to assess "traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316.

ING argues that *Dunlevy* labels all interpleader actions "*in personam*," as if to imply that there is a separate due process framework for "*in personam*" actions and another for "*in rem*" or "*quasi-in-rem*" actions. There is no separate framework for these different labels. *See Shaffer*, 433 U.S. at 206 ("Fourteenth Amendment rights cannot depend on the classification of an action as *in rem* or *in personam*, since that is 'a classification for which the standards are so elusive and confused generally and which, being primarily for state courts to define, may and do vary from state to state.'"). Again, "all assertions of state-court jurisdiction must be evaluated according to the standards set forth in International Shoe and its progeny." *Id.* at 212. To the extent that *Dunlevy* used a separate framework, it is no longer valid in light of *Shaffer*. The *Shaffer* Court noted that the artificial legal fictions surrounding the label of *in personam* jurisdiction have been eroded by jurisprudence beginning with *International Shoe*, which marked a shift towards a more fundamental inquiry into whether the exercise of jurisdiction would be just. *See id.* at 202–03. Wright and Miller adds:

> [A]t the time the Supreme Court decided, *Dunlevy*, it had only two options–it could label interpleader in personam and require personal service or it could label interpleader in rem, in which case service by publication might have been thought sufficient. In view of the interstate aspects of many interpleader actions and the unlikelihood that publication would give actual notice to the claimants, it is not surprising that the Court chose the in personam label. Time has changed the law's attitude toward notice, however.

7 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1711 (3d ed. 2001). Wright and Miller further adds that an option "is to discard the *Dunlevy* case, either as wrongly decided or simply inconsistent with contemporary jurisdictional thought." *Id.* I hold that *Shaffer* renders *Dunlevy* inapplicable to this case because it is no longer consistent with the

Supreme Court's more recent jurisdictional analysis.[1] *See United States v. Swan's Estate*, 441 F.2d 1082, 1086 (5th Cir. 1971) ("Where the stake in an interpleader action is a fund comprising the assets of an estate, and the claimant is the executrix who has absented herself from the state, converted an asset of the estate to her own use, and rendered herself inaccessible to personal service, the procedures of Section 1655 as applied by the court below are constitutionally sufficient," distinguishing *Dunlevy*). What really matters is an inquiry into what the minimum contacts sustaining the action are, followed by an analysis of how those contacts are related to the present action.

### ii. Relevant Facts

The relevant facts are as follows. This is an interpleader action by Onego seeking resolution of rights with respect to the sum of $147,660. (*See* D.I. 67 ¶ 14). This sum represents the amount due by Onego in a contract for the supply of bunkers (fuel) to a ship. (*See id.*). ING is an interpleaded defendant which may have a claim to the proceeds from the contract. (*See id.* ¶ 20). Onego has since placed the $147,660 in the Court's Registry pending resolution. (*See id.* ¶ 5).

### iii. Minimum Contacts

There are sufficient minimum contacts. Property is a contact that is persuasive and given weight. *See Shaffer*, 433 U.S. at 207–09. Here, Onego has shown that there is property present in Delaware. (*See* D.I. 67 ¶ 5).

### iv. Relatedness

---

[1] The Supreme Court in *Shaffer* also stated: "To the extent that prior decisions are inconsistent with this standard, they are overruled." *See Shaffer*, 433 U.S. at 212 n.39.

6

The key question is whether the property is adequately related to the subject matter of litigation or the underlying cause of action. Just having property is not determinative because it also matters how property is related to the claims of the action. *See Shaffer*, 433 U.S. at 208–09. *Shaffer* was a case where the only contact was property in Delaware. *See id.* at 213. The property was "not the subject matter of [the] litigation." *Id.* Neither was the "underlying cause of action related to the property." *Id.* The court found that assertion of jurisdiction on those facts was inconsistent with due process. *See id.* at 216–17.

Unlike in *Shaffer*, here the property is directly the subject matter of the litigation. (*See* D.I. 67 ¶ 14). This case began with the seizure of property, the legitimacy of which is not questioned. This action is an interpleader action by Onego seeking the resolution of rights with respect to the sum of $147,660. (*See* D.I. *Id.*). Only rights directly relevant to that sum will be adjudicated. The underlying cause of action is related to property. *See id.* Thus, there is adequate relatedness.

        v. Fairness

Personal jurisdiction must also be analyzed in light of "traditional notions of fair play and substantial justice." Here, I "may evaluate 'the burden on the defendant,' 'the forum State's interest in adjudicating the dispute,' 'the plaintiff's interest in obtaining convenient and effective relief,' 'the interstate judicial system's interest in obtaining the most efficient resolution of controversies,' and the 'shared interest of the several States in furthering fundamental substantive social policies.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

The burden on ING is minimal. ING is a large, multinational corporation, which could readily litigate in this forum. (*See* D.I. 71 at 48). ING has already filed two motions to dismiss in the present action. There is also some evidence of the presence of ING's corporate

7

subsidiaries in Delaware. (*See* D.I. 71 at 48, 50, 52). Granted, ING is a foreign entity because it is "organized and existing under the laws of the Netherlands with its principal place of business in Amsterdam." (R&R at 3). On the other hand, I do note ING's participation in similar suits in the United States, which have progressed further than the instant case. (*See* D.I. 75-1).

Delaware has an interest in adjudicating the dispute. That the property is located in Delaware cannot be ignored. The state has an interest in determining to whom the property should rightfully go. Onego has a strong interest in obtaining convenient and effective relief. Onego understandably does not wish to be subject to multiple liability in regards to the disposition of the property. The interstate judicial system has a great interest in the most efficient resolution of controversies, which entails simply resolving all the issues relating to claims on the property in this forum. The shared interest of the several states in furthering fundamental substantive social policies is not applicable here.

Balancing all these factors together, I find that personal jurisdiction comports with traditional notions of fair play and substantial justice. Exercise of personal jurisdiction here comports with due process.

///

///

///

II.   Conclusion

ING's objection (D.I. 78) that there is insufficient due process in the light of § 1655 is **OVERRULED**.

The Report and Recommendation (D.I. 77) is **ADOPTED**.

ING's motion to dismiss for lack of personal jurisdiction (D.I. 69) is **DENIED**.

ING's motion to dismiss for lack of venue (D.I. 69) is **DENIED**.

It is **SO ORDERED** this 4 day of October, 2016.

/s/ Richard G. Andrews
United States District Judge